**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tiffany Marie Bogner, | No. CV-22-01908-PHX-DMF |
| Plaintiff, | |
| v. | ORDER |
| Frank Bisignano, Commissioner of Social Security Administration, | |
| Defendants. | |

## I.    BACKGROUND

This matter is before the Court the Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) filed by Plaintiff's attorney, Sarah Fern (Doc. 29). On July 25, 2023, this Court entered an order reversing the final decision of the Commissioner and remanding the matter to the Social Security Administration for further proceedings (Doc. 25). On September 29, 2023, the parties stipulated to an award of Plaintiff's attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), in the amount of $8,059.52 (Doc. 27 at 1). The Court granted the parties' stipulation (Doc. 28).

Plaintiff's attorney now moves for an award of attorney fees in the amount of $23,903.75 under 42 U.S.C. § 406(b) (Docs. 29, 30). Ms. Fern presents the fee agreement under which Plaintiff contracted to pay Ms. Fern 25% of past-due benefits for attorney fees on a contingent fee basis (Doc. 30-2). Ms. Fern states that she worked a total of 33.3 attorney hours before this Court (Doc. 30 at 5; Doc. 30-3). Pursuant to the fee agreement with Plaintiff (Doc. 30-2), Ms. Fern requests a total fee of $23,903.75 for representation of

Plaintiff under 42 U.S.C. § 406(b) (Doc. 29 at 1; Doc. 30 at 1).  Ms. Fern agrees to refund to Plaintiff the $8,059.52 fees previously awarded under EAJA (Doc. 30 at 2; Docs. 27, 28)

The Commissioner filed a response stating that the Commissioner "neither supports nor opposes counsel's request for attorney's fees under 42 U.S.C. § 406(b)" (Doc. 32 at 2). The Commissioner requests that the Court evaluate the reasonableness of Ms. Fern's attorney's fees request and order Ms. Fern to reimburse Plaintiff any EAJA fees Ms. Fern previously received (*Id.* at 2-3).

A reply is not necessary for the Court to rule on the pending motion.

As set forth below, the Court will grant Ms. Fern's motion, award Ms. Fern's fees in the amount of $23,903.75 under 42 U.S.C. § 406(b), and order that Ms. Fern refund to Plaintiff the previously awarded EAJA attorney fees of $8,059.52 upon receipt of the $23,903.75.

## II.  LEGAL STANDARD

Title 42 United States Code section 406 establishes "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002). "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." Id. at 794.  Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"  42 U.S.C. § 406(b)(1)(A).

In *Gisbrecht*, the United States Supreme Court discussed the meaning of the term "reasonable fee" in § 406(b).  The Supreme Court concluded that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls

for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The Supreme Court held that the district court's reasonableness inquiry may include consideration of factors such as the terms of the fee agreement, the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits awarded were large in comparison to the time expended by Plaintiff's counsel. *Id.* at 807-08. The Supreme Court noted that "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* at 807. The Ninth Circuit has considered the following factors relevant to the reasonableness inquiry: whether the attorney's performance was substandard, whether the attorney engaged in dilatory conduct, and whether the benefits were in proportion to the time spent on the case. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009).

When an attorney receives fees under both EAJA and 42 U.S.C. § 406(b), the attorney must refund the smaller fee awarded to the claimant. *See Gisbrecht*, 535 U.S. at 796.

**III.    DISCUSSION**

The Court previously awarded Plaintiff $8,059.52 in EAJA attorney fees (Doc. 28), which were thereafter paid to Ms. Fern based on the fee agreement with Plaintiff (Doc. 30-2 at 2-6). Ms. Fern agrees to refund to Plaintiff the previously ordered EAJA fees (Doc. 30 at 2). The $23,903.75 in fees presently requested by Ms. Fern pursuant to 42 U.S.C. § 406(b) do not exceed 25% of the total of Plaintiff's past-due benefits (*see* Doc. 30-1 at 5). Awarding the full amount of $23,903.75 requested by Ms. Fern would result in reimbursement at a rate of $717.83 per billed attorney hour: $23,903.75 (requested amount) divided by 33.3 (attorney hours) equals $717.83 per attorney hour.

District courts within the Ninth Circuit have found reasonable effective hourly rates well in excess of the hourly rate of $717.83. *See Williams v. Berryhill*, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (concluding an effective hourly rate of $1,553.36 based on 13 hours of attorney and paralegal time was reasonable under

- 3 -

Gisbrecht); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (finding reasonable an award of § 406(b) attorney fees based on an award of fees of $15,000 based on 9.7 attorney and paralegal hours worked, for an effective hourly rate of $1,546.39); *Escamilla v. Saul*, No. 17-cv-01621-BAS-JMA, 2020 WL 5064321, at *3 (S.D. Cal. Aug. 27, 2020) (stating that a fee award of $30,000 for a total of 14.65 hours of attorney and paralegal time, equating to an hourly rate of over $2,000, was reasonable and explaining that it did not wish to "penalize counsel for being efficient.").

Further, judges within this district have approved as reasonable awards under § 406(b) with effective hourly rates in excess of $1,000.00. *See, e.g.*, *Ferris v. Comm'r of Soc. Sec. Admin*, No. CV-24-00116-PHX-JAT, 2026 WL 864170, at *2 (D. Ariz. Mar. 30, 2026) (finding that an effective hourly rate of $1,197.69 to be within the range of reasonableness); *Steffes v. Comm'r of Soc. Sec. Admin.*, No. CV-18-02021-PHX-DLR, 2020 WL 6891412 (D. Ariz. Nov. 24, 2020) (awarding § 406(b) fees at an effective hourly rate of $1,331.01, where the Commissioner had argued the Court should have awarded the plaintiff's counsel fees at an effective hourly rate of $1,200); *Norden v. Comm'r of Soc. Sec. Admin.*, No. CV-19-00373-JAT, 2020 WL 3472551 (D. Ariz. June 25, 2020) (finding that an hourly effective rate of $1,295.45 would be a windfall, and reducing the award to an effective hourly rate of $1,200).

Having considered the reasonableness factors set forth in *Gisbrecht*, the Court concludes that a contingency fee of $23,903.75 from Plaintiff's past-due benefits is reasonable to award Ms. Fern for § 406(b) attorney fees. Upon review of the record, the Court finds no indication that Ms. Fern engaged in any substandard performance or undue delay in prosecuting Plaintiff's case. The Court also notes that Ms. Fern's representation resulted in an award to Plaintiff of substantial past-due benefits and that Ms. Fern should be compensated commensurate with the risks involved in contingent fee work.

## IV.  CONCLUSION

The Court will award Ms. Fern the § 406(b) attorney's fees requested in the amount of $23,903.75, which were withheld from Plaintiff's past-due benefits for possible attorney

- 4 -

fees (Doc. 30-1 at 7). Further, Ms. Fern will be ordered to refund to Plaintiff the amount of $8,059.52 previously awarded as attorney's fees under EAJA (Doc. 28).

Accordingly,

**IT IS HEREBY ORDERED** granting Ms. Fern's Motion for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. 29).

**IT IS FURTHER ORDERED** that Ms. Fern is awarded $23,903.75 in attorney fees to be paid to Ms. Fern out of the sum withheld by the Commissioner from Plaintiff's past due benefits.

**IT IS FURTHER ORDERED** that upon receipt of the $23,903.75 in attorney fees consistent with this Order, Ms. Fern shall refund to Plaintiff the previously awarded EAJA fees of $8,059.52 (*see* Doc. 28).

Dated this 3rd day of April, 2026.

_____

Honorable Deborah M. Fine
United States Magistrate Judge

- 5 -